Abbie Dianne TRUITT, Appellant,

v.

Martha CARNLEY, Appellee.

No. 2-91-030-CV.

Court of Appeals of Texas,
Fort Worth.

Aug. 19, 1992.

Rehearing Overruled Sept. 23, 1992.

Anderson & Rodriguez and Rosendo Rodriguez, Wichita Falls, for appellant.

No brief filed for appellee.

Before JOE SPURLOCK, II, FARRIS and MEYERS, JJ.

OPINION

FARRIS, Justice.

In her suit for divorce appellant, Abbie Dianne Truitt, named appellee, Martha Carnley, as a defendant and sued her for infliction of mental anguish, alleging

Carnley had engaged in an adulterous affair with Truitt's husband, thereby either intentionally or negligently causing Truitt to suffer mental anguish. Carnley moved for summary judgment contending Truitt's cause of action against her was either an action for criminal conversation or for alienation of affections, and that both causes of action had been abolished in Texas. *See* TEX.FAM.CODE ANN. §§ 4.05, 4.06 (Vernon Supp.1992). The trial court severed out the cause of action against Carnley and sustained Carnley's motion for summary judgment. We hold the trial court's ruling was correct because Truitt's suit against Carnley was an abolished cause of action.

■ Sections 4.05 and 4.06 abolished actions against third parties based upon criminal conversation and alienation of affections. Criminal conversation is a tort based on adultery. *See McMillan v. Felsenthal,* 482 S.W.2d 9, 11 (Tex.Civ.App.—Tyler 1972), *aff'd,* 493 S.W.2d 729 (Tex. 1973). A cause of action for alienation of affections seeks recovery for loss of a spouse's consortium, including the right to the affection, society, comfort, and assistance of the spouse, resulting in mental pain and anguish suffered by the aggrieved spouse. *See Whitley v. Whitley,* 436 S.W.2d 607, 609 (Tex.Civ.App.—Houston [14th Dist.] 1968, no writ). We hold Truitt's suit against Carnley was necessarily based upon either one or both of the abolished causes of action, and the trial court properly granted the motion for summary judgment.

The judgment is affirmed.