**HELENA LABORATORIES CORPORATION, Petitioner,**

v.

**Robert Edward SNYDER and Allison N. Golias, Respondents.**

No. 94–0712.

Supreme Court of Texas.

Nov. 3, 1994.

Rehearing Overruled Dec. 8, 1994.

Bruce M. Partain, S.L. Greenberg, Beaumont, for petitioner.

Richard J. Clarkson, Wayme Reaud, Beaumont, John F. Nichols, Houston, for respondents.

PER CURIAM.

In this cause we consider whether an employer may be held liable for failing to prevent two employees from engaging in extramarital relations. The trial court granted summary judgment in favor of the employer. The court of appeals reversed, reasoning that a cause of action for negligent interference with the familial relationship had not been abolished and that fact questions existed that precluded summary judgment. 877 S.W.2d

35. We reverse the judgment of the court of appeals, and hold that no independent cause of action exists in Texas for negligent interference with the familial relationship.

Joe Golias, the husband of Allison Golias, was a vice-president of Helena Laboratories. Pam Snyder, the wife of Robert Snyder, was Joe Golias' executive secretary. While employed by Helena Labs, Joe Golias and Pam Snyder entered into an extramarital relationship. Allison Golias and Robert Snyder brought this action against Helena Labs for negligently interfering with their familial relations by failing to take action to prevent the affair between their spouses.

■ Helena Labs argues that Allison Golias and Robert Snyder are essentially alleging a cause of action for alienation of affection, which is barred by Texas Family Code section 4.06.[1] We agree.

Allison Golias and Robert Snyder rely upon this Court's holding in *Kelsey–Seybold Clinic v. Maclay,* 466 S.W.2d 716 (Tex.1971), for the proposition that an employer owes some duty to prevent its employees from engaging in extramarital relations. That case, however, was decided before the enactment of section 4.06, which effectively narrowed the "legally protected family interests" at stake in *Maclay. See Maclay,* 466 S.W.2d at 720. Moreover, by its own terms, *Maclay* does not require an employer to "maintain constant surveillance of off-duty personnel or regulate the personal conduct of its employees while engaged in their private affairs." *Id.*

■ This Court has never recognized an independent cause of action for negligent interference with the familial relationship. In some circumstances, damages may be recovered for such injuries; but such recovery is allowed only in connection with some recognized tort. *See, e.g., Reagan v. Vaughn,* 804 S.W.2d 463, 467 (Tex.1990); *Salinas v. Fort Worth Cab Co.,* 725 S.W.2d 701, 704 (Tex.1987).

---

1. Section 4.06 states:

A right of action by one spouse against a third party for alienation of affection is not authorized in this state.

■ An independent cause of action for negligent interference with the familial relationship would allow an employer to be held responsible for an employee's conduct, even though the employee is shielded from responsibility for that conduct by section 4.06. Exposing employers to this form of liability would be inconsistent with section 4.06. Accordingly, a majority of this Court grants Petitioner's application for writ of error, and pursuant to Texas Rule of Appellate Procedure 170, without hearing oral argument, reverses the judgment of the court of appeals and affirms the trial court's summary judgment in favor of Helena Labs.

■

**J.P., M.D., Relator,**