Merryl **CHILDERS,** Individually and as Next Friend of J.C., a Minor Child, Appellant,

v.

**A.S.,** a Minor Child, Dennis Dean Miksell, and Evelyn Silva Miksell, Appellees.

No. 2–94–192–CV.

Court of Appeals of Texas, Fort Worth.

Oct. 19, 1995.

C. Gregory Shamoun, Dallas, for appellant.

Cheryl D. Smith, Jeffrey N. Kaitcer, Fort Worth, for appellees.

Before LIVINGSTON, DAUPHINOT and BRIGHAM, JJ.

## OPINION

DAUPHINOT, Justice.

Appellant Merryl Childers, individually and on behalf of her minor daughter J.C., sued appellees A.S., a minor, and her mother and stepfather, Evelyn and Dennis Miksell, alleging inappropriate sexual contact between A.S. and J.C. The trial court granted summary judgment for appellees. Appellant appeals from the summary judgment, asserting nineteen points of error. We affirm the summary judgment in part and reverse and remand in part.

### BACKGROUND

J.C. was molested by an unknown male intruder in her home in October 1990. She subsequently received psychological counseling and was hospitalized at a psychiatric hospital. During this treatment, J.C. claimed that earlier in the summer of 1990 she and A.S. had played "sexual games." At the time of the acts complained of, A.S. was twelve and J.C. was ten. In this suit, appellant alleged negligence, false imprisonment, and battery claims against A.S. and negligence claims against the Miksells.

### STANDARD OF REVIEW

In a summary judgment case, the issue on appeal is whether the movant met her summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[1] The burden of proof is on the movant,[2] and all doubts about the existence of a genuine issue to a material fact are resolved against the movant.[3] Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant.[4] In deciding whether there is a material fact issue precluding summary judg-

ment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true.[5] Evidence that favors the movant's position will not be considered unless it is uncontroverted.[6] The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of movant's cause of action or defense as a matter of law.[7]

### SUMMARY JUDGMENT EVIDENCE

J.C. said in her deposition that A.S., who was a neighbor, occasionally was a guest in her home and that they played together. J.C. said that she and A.S. played "sexual games" in the game room at J.C.'s home and that another friend, S.N., also played the games with them; the games never took place in A.S.'s home. In the games, J.C. said A.S. touched her breasts. J.C. said that she disliked playing the games and that she told A.S. to stop touching her. J.C. testified that, to get J.C. to play the games, at times A.S. said she would hurt J.C. with a butcher knife (although A.S. never actually displayed a knife) and said she would get other girls to beat up J.C. J.C. said that A.S. was not being supervised by the Miksells when the games or threats took place in J.C.'s home. Appellant, J.C.'s mother, was at times home when these games took place.

In her deposition, A.S. admitted that she played "sexual games" with J.C. and S.N. In the games, A.S. said they all touched each other on the breasts and on the "pubic bone." The only game A.S. specifically named was "doctor/patient." A.S. said that the games were never played in her house and that she had never played such games before she played them with J.C. and S.N.

---

1. See Tex.R.Civ.P. 166a(c); *Cate v. Dover Corp.*, 790 S.W.2d 559, 562 (Tex.1990); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979).

2. *Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301–02 (Tex.1990).

3. *Cate*, 790 S.W.2d at 562; *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965).

4. *Id.*

5. *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984); *Farley v. Prudential Ins. Co.*, 480 S.W.2d 176, 178 (Tex.1972).

6. *Great Am.*, 391 S.W.2d at 47.

7. *City of Houston*, 589 S.W.2d at 678.

A.S. testified that her mother (appellee Evelyn Miksell) found out about the sex games from the mothers of J.C. and S.N., who called A.S.'s mother and talked to her about the situation. Afterwards, when questioned by her mother, A.S. admitted to her that she had played sex games with J.C. and S.N., but she did not tell her mother what kind of sex games they had been playing. A.S.'s mother asked her not to play the games anymore; however, A.S. said that she still continued to play the games for a while, but her mother did not know about it. A.S. also said that her mother told her not to go to the Childers' home anymore, but she still went because J.C. had a "Nintendo" game that A.S. liked to play. A.S. admitted that she lied to her mother about continuing to go to the Childers' home after being told not to.

A.S. testified that her mother also told her stepfather (appellee Dennis Miksell) about A.S. playing sex games right after she had found out, and he said nothing to her about it. A.S. said that he never knew she was playing the sex games when they were taking place.

### DISPOSITION

### *Appellant's Negligence Claims Against the Miksells*

We first address appellant's points of error fourteen through nineteen, all of which concern appellant's negligence claims against the Miksells.

Appellant alleged that the Miksells were negligent in the following specific respects:

A. Failed to adequately supervise the activities and conduct of [A.S.], when [the Miksells] knew or reasonably should have known that [A.S.] had past and present mental and emotional problems that could foreseeably lead to conduct such as that made the basis of this suit.

B. Failed to report the acts of abuse and neglect inflicted upon [J.C.] by [A.S.], as set forth in Paragraph 8 of Plaintiffs' Second [sic] Amended Original Petition, to the Texas Department of Human Services and local law enforcement authorities as contemplated by Section 34.01 of the Texas Family Code.

C. Failed to adequately provide an environment free of mental and physical abuse for [J.C.], when [the Miksells] knew or reasonably should have known about the past and present mental and emotional problems of [A.S.] which foreseeably lead [sic] to the occurrences made the basis of this suit.

D. Failed to exercise reasonable care in maintaining family relations of [appellant and J.C.] due to the fact that [the Miksells] knew or should have known that the acts made the basis of this suit would have foreseeably occurred and proximately caused Plaintiffs' damages due to the past and present mental and emotional problems of [A.S.].

E. Failed to exercise reasonable care in providing [A.S.] with psychotherapy and other necessary medical treatment, when [the Miksells] knew or should have known that [A.S.] required additional psychotherapy or other mental health care treatment to prevent her from exhibiting conduct such as that made the basis of this suit, when [the Miksells] knew or reasonably should have known that said conduct could foreseeably occur and proximately cause damages to Plaintiffs.

The Miksells moved for summary judgment on the ground that they owed no duty to appellant or her daughter under appellant's specific allegations of negligence. The trial court granted the motions for summary judgment of A.S. and the Miksells without stating any grounds. When reviewing a summary judgment granted on general grounds, the appellate court considers whether any theories set forth in the motion will support the summary judgment.[8] We will affirm the

8. *State Farm Fire & Casualty Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex.1993); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989).

summary judgment "if any of the grounds asserted in support of the motion are meritorious." [9]

In points of error fourteen through eighteen, appellant contends that the trial court erred in granting summary judgment for the Miksells because the parent-child relationship between Evelyn and A.S., her daughter, established a duty to appellant and J.C., because section 316 of the *Restatement (Second) of Torts* imposes a duty on the Miksells, and because Dennis Miksell owed appellant and J.C. a duty under section 448 of the *Restatement (Second) of Torts* and under Texas common law.

■■■ Common-law negligence consists of: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately resulting from the breach.[10] The threshold inquiry in a negligence case is duty.[11] The existence of a duty is a question of law for the court to decide from the facts surrounding the occurrence in question.[12] Where no duty is owed as a matter of law, summary judgment is proper.[13]

■■■ In *Rodriguez v. Spencer*,[14] the court addressed the identical issue before us—the scope of a parent's duty to third parties for the tortious or criminal conduct of that parent's child. We agree with the *Rodriguez* court that the mere fact of paternity or maternity does not make a parent liable to third parties for the torts of his or her minor child and that generally, minors are civilly liable for their own torts.[15] After a detailed

analysis of Texas law, the *Rodriguez* court concluded that "a parent's duty to protect third parties from the acts of the parent's minor children depends on whether the injury to the third party is reasonably foreseeable under the circumstances as evidenced by the parent's knowledge, consent, sanction, or participation in the child's activities." [16] We agree with the *Rodriguez* court's conclusion and will apply it to this case. The *Rodriguez* court also declined, as we do, to adopt section 316 of the *Restatement (Second) of Torts*.[17] And contrary to appellant's claim, the supreme court did not adopt this section in *Phillips*.[18]

■■■ Appellant alleges that Dennis Miksell owed appellant and J.C. a duty under section 448 of the *Restatement (Second) of Torts* and under Texas common law. Section 448 was adopted in *Nixon v. Mr. Property Management Co.*[19] and provides:

The act of a third person in committing an intentional tort or crime is a superseding cause of harm to another resulting therefrom, although the actor's negligent conduct created a situation which afforded an opportunity to the third person to commit such a tort or crime, unless the actor at the time of his negligent conduct realized or should have realized the likelihood that such a situation might be created, and that a third person might avail himself of the opportunity to commit such a tort or crime.[20]

---

**9.** *Jenicke v. City of Forest Hill*, 873 S.W.2d 776, 779 (Tex.App.—Fort Worth 1994, no writ).

**10.** *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990).

**11.** *Id.*

**12.** *Id.*

**13.** *Kanetzky v. Murphy*, 862 S.W.2d 653, 656 (Tex.App.—Austin 1993, no writ).

**14.** 902 S.W.2d 37 (Tex.App.—Houston [1st Dist.] 1995, n.w.h.).

**15.** *Id.* at 42.

**16.** *Id.* at 43.

**17.** *Rodriguez*, 902 S.W.2d at 43. Section 316 states:

A parent is under a duty to exercise reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent (a) knows or has reason to know that he has the ability to control his child, and (b) knows or should know of the necessity and opportunity for exercising such control.

RESTATEMENT (SECOND) OF TORTS § 316 (1965).

**18.** *See Phillips*, 801 S.W.2d at 525; *Rodriguez*, 902 S.W.2d at 43.

**19.** 690 S.W.2d 546, 550 (Tex.1985).

**20.** RESTATEMENT (SECOND) OF TORTS § 448 (1965).

For her assertion that section 448 and Texas common law placed a duty on Dennis Miksell, appellant primarily relies on *Cain v. Cain.*[21] In that case, Cain allowed his daughter, her husband (Cain's son-in-law), and their minor son to move in with him. Cain also allowed his minor niece to move in. While the niece was living in the house, she was raped, unknown to Cain, on numerous occasions by Cain's son-in-law. Before the rapes began, Cain knew that the son-in-law had been placed on probation for sexually assaulting a 17–year–old girl at his workplace and that he had been jailed for violating his probation. Many of the rapes took place after the son-in-law drank alcohol and gave alcohol to the niece in Cain's presence, with Cain knowing that his son-in-law's probation prohibited him from drinking alcohol. The niece sued Cain and his daughter for negligence, and a jury found Cain 25% negligent and his daughter 75% negligent. The jury verdict was affirmed on appeal, with the court reasoning that when Cain's niece moved into his home, Cain knew that his home was already inhabited by an adult male on probation for sexually assaulting a minor and that his son-in-law had violated his probation.[22] Under those facts, the court ruled that, under the exception found in section 448 and as adopted in *Nixon,* Cain had a duty to prevent harm to his niece; it reasonably should have appeared to him that his niece might be victimized by his son-in-law.[23]

A similar, recent case giving us guidance is *Butcher v. Scott.*[24] A minor was sexually abused by Robert Butcher, the brother of Randy Butcher, at a house that had been bequeathed to the two brothers by their father. Randy's interest was held in trust until he reached the age of twenty-five, so he was the beneficial owner of an undivided half interest in the house at the time of the abuse.

The minor's grandmother sued Randy for common-law negligence and negligence per se. The trial court granted summary judgment, finding that Randy's conduct was not negligence per se and that he did not owe a duty to the minor because he was not a possessor of the property where the abuse occurred. The court of appeals reversed the summary judgment in part, holding that Randy owed the minor a duty if he was in joint possession of the property with his brother and that a fact issue existed on whether Randy was in possession of the property and thus owed the minor a duty.[25]

The supreme court reversed the court of appeals, stating that the court of appeals had confused Randy's physical presence with possession.[26] To be held liable as an owner or occupier, the party must be in control of the premises,[27] and the record was clear that Randy had no right to control the premises.[28] Instead, the right of possession to the house was vested in Robert and the trustee; Randy lived in the house at the sufferance of his brother and the trustee, and there was no evidence that Randy ever exercised control over the property.[29] Randy thus had no power to remove his brother or to keep the minor out of the house. The minor's mother even stated that she overheard Randy objecting to his brother having the minor at the house and to his brother's conduct toward the minor, but the court again noted that "Randy had no control over who stayed in the house." [30]

Appellant argues that A.S.'s conduct was reasonably foreseeable to the Miksells because A.S. had a temper that she lost easily and because A.S. testified she had received extensive psychiatric treatment *before* the sexual acts occurred. The Miksells argue in

21. 870 S.W.2d 676 (Tex.App.—Houston [1st Dist.] 1994, writ denied).

22. *Id.* at 680.

23. *Id.*

24. 906 S.W.2d 14 (Tex.1995).

25. *Scott v. Butcher,* 906 S.W.2d 16, 21–22 (Tex. App.—Tyler, 1994), *rev'd in part,* 906 S.W.2d 14 (Tex.1995).

26. 906 S.W.2d at 15–16.

27. *Id.* at 15 (citing *Exxon Corp. v. Tidwell,* 867 S.W.2d 19, 23 (Tex.1993)).

28. *Id.*

29. *Id.*

30. *Id.* at 16.

response that A.S.'s testimony was inaccurate because her medical records reflect that A.S.'s psychiatric treatment actually occurred *after* the sexual acts had discontinued. At oral argument, appellant's counsel conceded that A.S.'s psychiatric treatment occurred *after* the sexual acts had discontinued. We commend appellant's counsel for clearing up the record.

Under the specific circumstances of this case, and applying the law set forth in *Butcher* and *Rodriguez*, we find that the Miksells owed no duty to appellant or J.C under any of the negligence theories advanced by appellant. All of the sexual acts between A.S. and J.C. took place in appellant's home, outside the presence or supervision of the Miksells and without their knowledge.[31] Often appellant was present in her home when the acts were taking place. Moreover, the acts complained of did not occur on premises owned or controlled by the Miksells.[32] Accordingly, the trial court properly granted summary judgment for the Miksells. Additionally, because we hold that Evelyn Miksell, as A.S.'s parent, owed no duty at all to appellant or J.C. under the facts of this case, we need not decide whether Dennis Miksell, as A.S.'s stepparent, owed the duty of a parent to appellant or J.C.

■ Finally, to the extent the sexual games continued after appellant became aware of them and discussed the situation with Evelyn Miksell, who told A.S. to stop playing the games and not to go to J.C.'s house, the summary judgment evidence shows that the Miksells were not aware that A.S. continued for a time to play the games with J.C. at J.C.'s house. Under these facts, summary judgment for the Miksells was still appropriate.[33] Points of error fourteen through eighteen are overruled.

■ In her nineteenth point of error, appellant alleges that the trial court erred in granting summary judgment for the Miksells because they were negligent per se by failing to report child abuse.[34] The Family Code defines abuse to include sexual contact and sexual conduct as defined in section 43.01 of the Penal Code.[35] Failure to report such abuse is a criminal offense.[36]

Appellant cites no authority that section 34.01 establishes a duty on the Miksells and confers on her and J.C. a private cause of action against the Miksells. This issue was addressed by the court of appeals in *Scott*.[37] There, the court of appeals declined to impose a duty based on the violation of section 34.01, the breach of which would be negligence per se.[38] The court stated that imposing such a duty should be done by the supreme court,[39] which, it noted, has adopted such duties in the past.[40] In reversing the court of appeals, the supreme court did not

---

31. *See Rodriguez*, 902 S.W.2d at 45.

32. *See Butcher*, 906 S.W.2d at 14–16 (defendant had no control over premises where sex abuse occurred); *Ronk v. Parking Concepts of Texas, Inc.*, 711 S.W.2d 409, 411 (Tex.App.—Fort Worth 1986, writ ref'd n.r.e.) (summary judgment affirmed for appellee that "had no duty to protect appellant from the criminal acts of third parties in the absence of knowledge that acts were occurring, or were about to occur, on the premises that posed an immediate probability of harm"); *cf. Cain*, 870 S.W.2d at 680 (sex abuse occurred in defendant's home).

33. *See Butcher*, 906 S.W.2d at 16 (supreme court did not reach question of what duty Randy owed had he been in control of house, but court noted court of appeals had imposed on Randy duty to warn someone and concluded: "To the extent Randy alerted [the minor's] mother to the potential abuse, he would have been entitled to summary judgment even under the duty imposed by the court of appeals.").

34. Section 34.01 of the Family Code provides:

> A person having cause to believe that a child's physical or mental health or welfare has been or may be adversely affected by abuse or neglect by any person shall report in accordance with Section 34.02 of this Code.

TEX.FAM.CODE ANN. § 34.01 (Vernon Supp.1995).

35. *Id.* § 34.012(1)(E).

36. TEX.FAM.CODE ANN. § 34.07 (Vernon 1986).

37. *Scott v. Butcher*, 906 S.W.2d 16 (Tex.App.—Tyler, 1994), *rev'd in part on other grounds*, 906 S.W.2d 14 (Tex.1995).

38. *Id.* at 20–21.

39. *Id.* at 21.

40. *Id.* at 20 (citing *El Chico Corp. v. Poole*, 732 S.W.2d 306, 315 (Tex.1987)).

address the negligence per se issue.[41] We agree with the Tyler court's approach and also decline to adopt such a duty. We overrule appellant's nineteenth point of error.

### Appellant's Negligence Claims Against A.S.

Appellant alleged that A.S. was negligent in the following specific respects:

A. Failed to exercise reasonable care by forcing and/or coercing [J.C.] to engage in unnatural sexual acts with her, specifically, the fondling of each other's breasts and pubic areas, when [A.S.] knew or reasonably should have known that [J.C.] was an unwilling participant in these activities, and further, that said activities would proximately cause damages to the Plaintiffs.

B. Failed to exercise reasonable care by interfering with the family relationship of [appellant and J.C.], for the reason that [A.S.] knew or should have known that her conduct made the basis of this suit would proximately cause damages to the Plaintiffs.

C. Manipulated and took advantage of [J.C.] by forcing her to engage in unnatural acts of violence, specifically, acting out rape and prostitution scenes as well as threatening to have her friends beat up [J.C.] and threatening her with a razor blade, and sex, more specifically, the fondling of each other's genital areas and breasts, throughout the time period made the basis of this suit, when [A.S.] knew or reasonably should have known that [J.C.] was an unwilling participant in said acts, and further, when [A.S.] knew or reasonably should have known that said acts would proximately cause damages to the Plaintiffs.

D. Failed to exercise reasonable care by invading the personal and private affairs of [J.C.] and JEAN NEVIL [sic] by engaging in the unnatural acts of violence and sex made the basis of this suit, throughout the time period made the basis of this suit, when [A.S.] knew or reasonably should have known that the unnatural acts of violence and sex made the basis of this suit would proximately cause damages to the Plaintiffs.

Appellant also alleged, in the alternative, false imprisonment and battery claims against only A.S.

A.S. moved for summary judgment on the following five grounds:

● Plaintiff's allegation of "negligent interference with familial relations" fails to state a cause of action that is recognized by Texas law.

● Plaintiff's allegation of "negligent invasion of the personal and private affairs of minor Plaintiff and her mother" fails to state a cause of action that is recognized by Texas law.

● A civil cause of action for sex play between minor females is not recognized by Texas law. Neither the phrase "unnatural sex acts" nor "unnatural acts of violence and sex" with reference to female children appear in reported Texas case law.

● Texas courts do not recognize a civil cause of action against children for the intentional torts of false imprisonment and battery.

● Alternatively, there is no evidence [sic] find the Defendant committed the acts of false imprisonment or battery.

■ In points of error eight and nine, appellant asserts that the trial court erred in granting summary judgment on the negligence claims against A.S. because appellant did not allege a cause of action for negligent interference with familial relationships, and because damages to familial relations can be recovered for negligence. Appellant, citing *Reagan v. Vaughn*[42] and *Sanchez v. Schindler*,[43] asserts that injury to familial relationships is compensable. Appellant's assertion is correct that injury to familial relationships

---

**41.** *See Butcher,* 906 S.W.2d at 16.

**42.** 804 S.W.2d 463, 464 (Tex.1990).

**43.** 651 S.W.2d 249, 252 (Tex.1983).

is an *element of damages* for negligence.[44] But our concern is whether appellant has stated a viable negligence *cause of action.*

■ In her petition, one of her negligence allegations is that A.S. "[f]ailed to exercise reasonable care by interfering with the family relationship of [appellant and J.C.]." Under Texas law, appellant has not pleaded a viable negligence cause of action; Texas does not recognize a cause of action for negligent interference with familial relationships.[45] We overrule appellant's eighth and ninth points of error.

■ In points of error ten, eleven, and twelve, appellant asserts that the trial court erred in granting summary judgment on the negligence claims against A.S. because appellant did not allege a cause of action for negligent invasion of privacy, or alternatively, because negligent invasion of privacy is a recognized cause of action in Texas, and because there was evidence that A.S. invaded the privacy and solitude of J.C.

In her petition, appellant alleged that A.S. was negligent in that she "[f]ailed to exercise reasonable care by invading the personal and private affairs of [J.C. and appellant]." Undoubtedly, appellant alleged a negligent invasion of privacy cause of action. Accordingly, we overrule her tenth point of error.

■ Invasion of privacy is an intentional tort.[46] Appellant cites, however, decisions from other courts of appeals that appear to recognize a negligent invasion of privacy cause of action.[47]

A.S. argues that appellant's reliance on *C.T.W.* is misplaced because that case relied on *St. Elizabeth Hosp. v. Garrard*[48] in holding that a negligent invasion of privacy cause of action and a negligent infliction of emotional distress cause of action exist and because *C.T.W.* was decided before the supreme court decided *Boyles.*[49] In *Boyles,*[50] the supreme court reversed the court of appeals and overruled *Garrard* on whether Texas recognizes a cause of action for negligent infliction of emotional distress.[51] Because the plaintiff in *Boyles* abandoned her negligent invasion of privacy cause of action, the supreme court did not address it.[52]

■ We decline to adopt a negligent invasion of privacy cause of action. The supreme court in *Billings* and this court in *Gill* have already recognized that invasion of privacy is an intentional tort. We further believe that appellant should not be able to recover for intentional conduct under a negligence theory.[53] Points of error eleven and twelve are overruled.

■ In her thirteenth point, appellant alleges that the trial court erred in granting summary judgment on her negligence cause of action against A.S. The other two negligence allegations by appellant that we have not yet addressed are that A.S. "[f]ailed to exercise reasonable care by forcing and/or coercing [J.C.] to engage in unnatural sexual acts with her" and "[m]anipulated and took advantage of [J.C.] by forcing her to engage in unnatural acts of violence."

44. *Helena Laboratories Corp. v. Snyder,* 886 S.W.2d 767, 768 (Tex.1994).

45. *Id.* at 768–69; *Transportation Ins. Co. v. Archer,* 832 S.W.2d 403, 405 (Tex.App.—Fort Worth 1992, writ denied).

46. *Billings v. Atkinson,* 489 S.W.2d 858, 860–61 (Tex.1973); *Closs v. Goose Creek Consol. ISD,* 874 S.W.2d 859, 870 (Tex.App.—Texarkana 1994, no writ); *Gill v. Snow,* 644 S.W.2d 222, 224 (Tex.App.—Fort Worth 1982, no writ).

47. *See Wheeler v. Yettie Kersting Memorial Hosp.,* 866 S.W.2d 32, 54 (Tex.App.—Houston [1st Dist.] 1993, no writ); *C.T.W. v. B.C.G.,* 809 S.W.2d 788, 796 (Tex.App.—Beaumont 1991, no writ); *Boyles v. Kerr,* 806 S.W.2d 255, 259 (Tex.App.—Texar-

kana 1991), *rev'd on other grounds,* 855 S.W.2d 593 (Tex.1993) (op. on reh'g).

48. 730 S.W.2d 649 (Tex.1987).

49. *See C.T.W.,* 809 S.W.2d at 796.

50. 855 S.W.2d 593 (Tex.1993) (op. on reh'g).

51. *Id.* at 595–97.

52. *Id.* at 601.

53. *See Fulmer v. Rider,* 635 S.W.2d 875, 881 (Tex.App.—Tyler 1982, writ ref'd n.r.e.); *National Union Fire Ins. Co. v. Bourn,* 441 S.W.2d 592, 596 (Tex.Civ.App.—Fort Worth 1969, writ ref'd n.r.e.).

These "negligence" allegations, along with the other two that we have already addressed, are nothing more than artful attempts by appellant to plead intentional torts as negligence causes of action.[54] And as we stated above, appellant should not be able to recover for intentional conduct under a negligence theory.[55] This is especially true when appellant has also pleaded the intentional torts of battery and false imprisonment against A.S. Appellant's point of error thirteen is overruled.

### Appellant's Intentional Tort Claims Against A.S.

Appellant also sued A.S. for the intentional torts of false imprisonment and battery. In her first and fourth point of error, appellant asserts that the trial court erred in granting summary judgment for A.S. because minors can be liable for intentional torts and because appellant was not pleading a negligent infliction of emotional distress claim. In a letter to the parties stating the ruling on A.S.'s motion for summary judgment, the trial court stated that "regardless of how carefully the Plaintiffs' attorney drafts his allegations, this is essentially nothing more than a claim for negligent infliction of emotional distress which is not a recognized cause of action in Texas." Given that the order granting summary judgment stated no grounds, we place no weight on this statement, and we will construe appellant's first and fourth points of error to consist of whether appellant pleaded intentional torts against A.S. and whether A.S., as a minor, can be liable for intentional torts.

In her fifth and sixth points of error, appellant alleges that the trial court erred in

granting summary judgment for A.S. because there is a civil action for indecency with a child and there was evidence of indecency with a child. In her seventh point of error, appellant alleges that the trial court erred in granting summary judgment for A.S. because appellant did not allege a cause of action for sexual acts between children.

 As a general rule, minors are civilly liable for their own torts.[56] Civil courts look to the Texas Penal Code for the elements of civil causes of action such as assault.[57] In her petition, appellant expressly pleaded causes of action of false imprisonment and battery against A.S. Because minors can be liable for such intentional torts, the trial court erred to the extent it granted A.S. summary judgment on the ground that A.S. did not plead intentional torts or that A.S. could not be liable for intentional torts. Accordingly, we sustain appellant's points of error one and four. We overrule, however, appellant's points of error five and six because appellant did not plead at all a cause of action for indecency with a child. On the other hand, we sustain appellant's seventh point of error because appellant did not allege a cause of action for sexual acts between children; rather, appellant pleaded a viable battery cause of action.

 In her second point of error, appellant alleges that the trial court erred in granting summary judgment for A.S. because there was evidence of battery. A person commits a battery if the person:

(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

---

54. *Cf. Stites v. Gillum,* 872 S.W.2d 786, 789–94 (Tex.App.—Fort Worth 1994, writ denied) (attorney sanctioned for trying to plead around what was really abolished criminal conversation and alienation of affections claims); *Truitt v. Carnley,* 836 S.W.2d 786, 787 (Tex.App.—Fort Worth 1992, writ denied) (summary judgment affirmed where plaintiff tried to plead intentional infliction of emotional distress claim for what was really abolished criminal conversation and alienation of affections claims).

55. *See Fulmer,* 635 S.W.2d at 881; *Bourn,* 441 S.W.2d at 596; *cf. Boyles,* 855 S.W.2d at 603–04 (op. on reh'g) (Gonzales, J., concurring) (noting

that plaintiff dropped intentional tort claims and opted to proceed on questionable negligence claim to come within coverage of homeowner's insurance policy).

56. *Rodriguez,* 902 S.W.2d at 42 (citing *Williams v. Lavender,* 797 S.W.2d 410, 412 (Tex.App.—Fort Worth 1990, writ denied) (minor liable for assault of another minor) and *Brown v. Dellinger,* 355 S.W.2d 742, 746 (Tex.Civ.App.—Texarkana 1962, writ ref'd n.r.e.) (suit against minors for trespass)).

57. *E.g., Hogenson v. Williams,* 542 S.W.2d 456, 458 (Tex.Civ.App.—Texarkana 1976, no writ).

(2) intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or

(3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.[58]

The summary judgment evidence shows that A.S. touched J.C.'s breasts and pubic area, that J.C. disliked the touching and told A.S. to stop, and that A.S. threatened J.C. with bodily injury at times to get her to play the sexual games. Appellant raised a fact issue on her battery cause of action. Accordingly, the trial court erred in granting A.S. summary judgment on appellant's battery cause of action. We sustain appellant's second point of error.

 In her third point of error, appellant alleges that the trial court erred in granting summary judgment for A.S. because there was evidence of false imprisonment. The elements of a cause of action for false imprisonment are: (1) a wilful detention of another; (2) without consent; and (3) without authority of law.[59] A.S. argues that summary judgment was appropriate because the summary judgment evidence established that A.S. never falsely imprisoned J.C. because A.S. never detained J.C., who testified as follows:

Q Did [A.S.] ever hold you against your will?

A What do you mean?

Q Well, I guess by that I mean did she ever have you in a room somewhere like in her house and stop you from leaving where you wanted to get out of it?

A Not that I can remember. I mean, I think it was pretty—I mean, I don't ever think that she, like, stopped me, like, held me back.

This testimony negated detention as a matter of law, so the trial court correctly granted A.S. summary judgment on appellant's false imprisonment cause of action. We overrule appellant's third point of error.

CONCLUSION

To summarize, the trial court correctly granted summary judgment on appellant's negligence causes of action against A.S. and the Miksells and on appellant's false imprisonment claim against A.S. We affirm that part of the trial court's summary judgment. Because the trial court erroneously granted summary judgment on appellant's battery cause of action against A.S., we reverse the summary judgment in part and remand the case to the trial court for further proceedings consistent with this opinion.

---

58. Tex.Penal Code Ann. § 22.01(a) (Vernon 1994).

59. *Sears, Roebuck & Co. v. Castillo*, 693 S.W.2d 374, 375 (Tex.1985).