MILLIGAN V SOTO

NO. 07-00-0543-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 22, 2001

______________________________

ISSAC D. MILLIGAN AND ZAREK B. KESEN, 

MINORS BY NEXT FRIEND ABDIEL SANCHEZ, APPELLANTS

V.

JUAN AND AIDA SOTO INDIVIDUALLY, AND

AS NEXT FRIEND FOR JOE SOTO A MINOR, APPELLEES

_________________________________

FROM THE 108
TH
 DISTRICT COURT OF POTTER COUNTY;

NO. 85-144-E; HONORABLE ABE LOPEZ, JUDGE

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Appellant Abdiel Sanchez, acting as next friend of her minor children Issac D. Milligan and Zarek B. Kesen, brings this appeal from a partial summary judgment in favor of Juan and Aida Soto, individually, on her claims for personal injuries and breach of contract.  We affirm.

In 1997, Aida Soto began providing day care services for Sanchez’s three children, Issac (5), Zarek (3), and an infant son.  About February 23, 1998, Issac and Zarek reported that Aida’s 14-year-old son, Jose Soto (Joe), had sexually abused them.  Joe was arrested and charged based on the allegations.  On March 4, 1998, Joe made a judicial confession to the criminal offense, but it was not accepted by the criminal court due to concern over his mental capacity.  During the pendency of the criminal prosecution, Sanchez sued Juan and Aida individually and as representatives of Joe.  Sanchez’s petition does not expressly set out the causes of action she relies on but alleges that the defendants’ conduct was “intentional, reckless, grossly negligent, willful, wanton, oppressive and done with actual malice and disregard for plaintiffs’ rights and safety.”  Sanchez amended her petition to add a claim for “failure to inform” her that Joe was mentally retarded and would be left alone with her children.  This amendment also alleged breach of contract and detrimental reliance.  

On June 22, 2000, Juan and Aida moved for summary judgment on the claims against them in their individual capacities.  The grounds for their motion were that there was no evidence that they knew or should have known the abuse was occurring and the summary judgment evidence established that the conduct of Joe was not foreseeable.  In response to Sanchez’s claim for failure to warn, Juan and Aida argued they could not be liable for failure to warn of a danger of which they had no knowledge.  The motion also challenged the breach of contract claim, because the evidence showed Aida performed the services as agreed.  The trial court granted the motion without stating any specific grounds, and severed the claims against Juan and Aida in their individual capacities.  Sanchez now presents three points of error in challenge to the trial court’s action.

The three points of error advanced by Sanchez are that summary judgment was improper because:  1) there is a genuine issue of material fact on the issue of the foreseeability that Joe would harm the children, 2) Aida did not establish entitlement to summary judgment on her breach of contract claim, and 3) Juan and Aida’s motion did not address her claim for “failure to inform.”

The standards applicable to review of summary judgments are so well established as to make their recitation unnecessary.  
See Nixon v. Mr. Property Management Co. Inc.
, 690 S.W.2d 546, 548-49 (Tex. 1985).  We initially consider Sanchez’s third point, alleging the trial court erred in granting summary judgment on her claim for failure to inform because the summary judgment motion did not address that claim.  Sanchez has failed to present any authority that the failure to inform is recognized as an independent cause of action in Texas.  Cases based on a defendant’s failure to inform the plaintiff of some fact arise in the context of medical malpractice and products liability actions, or where a fiduciary duty exists.  
See
 Tex. Rev. Civ. Stat. Ann. art. 4590i, §§ 6.01-.07  (Vernon Supp.2001) (addressing informed consent in medical malpractice cases); W. Page Keeton, et al., Prosser and Keeton on the Law of Torts 685 (5
th
 ed. 1984) (discussing rule in products liability cases).  Even in these contexts, the claims are merely specialized forms of negligence claims.  For this reason, Sanchez’s claim for failure to inform is simply another theory in support of her negligence claims and is subsumed within the summary judgment’s grounds addressing the negligence claims.

The elements of a negligence cause of action are (1) a legal duty, (2) a breach of that duty, and (3) damages proximately resulting from the breach.  
Mellon Mortg. Co. v. Holder
, 5 S.W.3d 654, 663 (Tex. 1999) (Baker, J., concurring).  Duty is the threshold issue in a negligence case.  
Graff v. Beard
, 858 S.W.2d 918, 919 (Tex. 1993).  In determining whether a defendant owes a duty to a plaintiff, courts consider several interrelated factors, including the risk involved, foreseeability of the risk and likelihood of injury.  
Greater Houston Transp. Co. v. Phillips
, 801 S.W.2d 523, 525 (Tex. 1990).  Of these factors, the foremost consideration is whether the risk is foreseeable.  
See El Chico Corp. v. Poole
, 732 S.W.2d 306, 311 (Tex. 1987).  

Ordinarily, a person owes no duty to protect another from the conduct of a third person.  
Id.
 at 309; 
Otis Engineering Corp. v. Clark
, 668 S.W.2d 307, 309 (Tex. 1983).  An exception exists when there is a special relationship between the defendant and the injured party or between the defendant and the third person. 
Phillips
, 801 S.W.2d at 525.   In such instances, the defendant has a duty to prevent injuries to others if it reasonably appears or should appear to him that others in the exercise of their lawful rights may be injured thereby.  
Id.
 at 526.

We first consider whether Juan and Aida owed a duty to Sanchez or her children by virtue of being Joe’s parents.  That question was considered in 
Rodriguez v. Spencer
, 902 S.W.2d 37 (Tex.App--Houston [1st Dist.] 1995, no writ), where the defendant’s son  participated in an attack which killed the plaintiff’s son.  In an appeal from a summary judgment in favor of the defendant, the court rejected arguments that the Family Code makes parents vicariously liable for the torts of their children which cause personal injury.
(footnote: 1)  
Id
. at 41.  Appellant does not challenge the rule set out in 
Rodriguez
, and we find it applicable here.  Sanchez cites 
de Anda v. Blake
, 562 S.W.2d 497 (Tex.App.--San Antonio 1978, no writ), for the proposition that a parent may be vicariously liable for the torts of a minor child under the doctrines of respondeat superior or joint enterprise.  While this is a correct statement of the law, there is no allegation or summary judgment evidence that Joe was acting as an agent for either parent or was engaged in a joint enterprise with them.

As noted, foreseeability is the most significant factor in determining duty.  A risk is foreseeable when a person of ordinary intelligence would have anticipated the danger his negligence creates.  
El Chico Corp.
, 732 S.W.2d at 313.  Applying this standard to criminal acts by a child, the 
Rodriguez
 court held “a parent’s duty to protect third parties from the acts of the parent’s minor children depends on whether the injury to the third party is reasonably foreseeable under the circumstances as evidenced by the parent’s knowledge, consent, sanction, or participation in the child’s activities.”  
Rodriguez
, 902 S.W.2d at 43.

The only fact Sanchez offers as evidence that sexual assaults by Joe were foreseeable is his mental retardation.  Sanchez has presented no evidence that persons who suffer from mental retardation are any more likely than other members of the population to commit sexual offenses or even criminal offenses in general.  The evidence affirmatively showed that Joe did not have disciplinary problems, engage in criminal conduct or sexual activity before, or ever express sexual interest in young children.  Aida’s affidavit stated that, in addition to participating in special education classes, Joe was enrolled in regular classes and had a part-time job.  In deposition testimony, Sanchez stated she was not aware of any conduct that would indicate Joe was likely to commit the acts alleged.

Childers v. A.S.
, 909 S.W.2d 282 (Tex.App.--Fort Worth 1995, no writ) involved a similar claim against the parent of a girl who engaged in sexual conduct with a peer.  The plaintiff cited the girl’s past “mental and emotional problems.”  Affirming summary judgment for the defendant, the court rejected this argument.  
Id.
 at 287.  Even in 
Rodriguez
, evidence of a prior property crime did not make the subsequent assault foreseeable.  
Rodriguez, 
902 S.W.2d 44-45
; See also Doe v. Boys Clubs of Greater Dallas, Inc.
, 907 S.W.2d 472, 477-78 (Tex. 1995) (prior DWI conviction did not make sexual assaults on minors foreseeable).    In contrast, evidence of a prior sexual assault on a minor made subsequent assaults foreseeable.  
Isbell v. Ryan
, 983 S.W.2d 335, 341 (Tex.App.--Houston [14th Dist.] 1998, no pet.).

Applying the rule set out in the cases above to the undisputed summary judgment evidence in this case leads to the conclusion that Joe’s assaults on the minor plaintiffs were not foreseeable.  We overrule Sanchez’s first and third points of error.

Sanchez’s second point assigns error to the granting of summary judgment on her claim for breach of contract.  Aida initially argues on appeal that there is no evidence of a contract between her and Sanchez.  However, this argument was not presented in the motion for summary judgment.  In the motion, Aida argued there was doubt as to the existence of a contract, but that she “provided the services she agreed to provide.”  Because the issue was not presented to the trial court, it may not be raised for the first time on appeal.  
City of Houston v. Clear Creek Basin Authority
, 589 S.W.2d 671, 679 (Tex. 1979).

The fact that the record does not contain express reference to payment for Aida’s services does not conclusively negate the existence of a contract.  We are required by the applicable summary judgment standards to draw inferences from the record in favor of the non-movant.  Because it is undisputed Aida provided child care services, we must infer an agreement to provide those services.  As noted, the ground asserted by Aida seeking summary judgment on this claim was that she acted reasonably in performing her contractual obligations.  Relying solely on the fact of the assaults, Sanchez argues the evidence shows Aida breached the agreement and that evidence that Aida acted reasonably is not relevant to the claim for breach of contract.  In effect, Sanchez takes the position that Aida, or any child care provider, is liable for breach of contract for any injury suffered by a child in their care, regardless of whether the risk of injury was foreseeable.

There is no summary judgment evidence concerning the specific duties and obligations the parties intended to fall within the meaning of “child care.”  Sanchez has failed to cite any case or statute making a child care provider the insurer of the safety of children in their care.  We find that the reasonableness of Aida’s conduct is relevant to the question of breach of contract.  In other contexts where parties make a contract without specifying their obligations in detail, the law implies a requirement that they act reasonably.  For example, when parties agree to perform a service on tangible property, the law implies a warranty that the service will be performed in “a good and workmanlike manner.”  
See  Rocky Mountain Helicopters, Inc. v. Lubbock County Hosp. Dist.
, 987 S.W.2d 50, 53 (Tex. 1998).  Sanchez offers no argument why an analogous rule is not applicable here, and has presented no argument or authority negating the application of this rule to performance of child care services.  She has also failed to present any summary judgment evidence from expert witnesses that Aida’s conduct did not meet the standard recognized in the industry.  A child care provider would not be liable for breach of contract if a child was injured as a result of aircraft crashing into the premises without warning.  Where the evidence shows the risk posed by Joe was not foreseeable, Aida’s liability for breach of contract can be no greater than the case of an aircraft crash.  We overrule Sanchez’s second point and affirm the judgment of the trial court.

John T. Boyd

 Chief Justice

Do not publish.

FOOTNOTES
1:
Section 41.001 of the Family Code makes parents liable for property damage caused by their children.  Tex. Fam. Code Ann. § 41.001 (Vernon 1996).