Charles E. DONALDSON, Appellant,

v.

HOME INDEMNITY COMPANY, Appellee.
No. 2581.

Municipal Court of Appeals for the
District of Columbia.

Argued June 20, 1960.

Decided Nov. 28, 1960.

Ward B. McCarthy, Washington, D. C., with whom Thomas B. Heffelfinger, W. Cameron Burton and John A. Kendrick, Washington, D. C., were on the brief, for appellant.

Richard W. Galiher, Washington D. C., with whom William E. Stewart, Jr., Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This appeal raises the question whether an insurance company should be required to pay a judgment of $5,000 which appellant Donaldson obtained against one Stamates to whom the insurance company had issued a general liability policy. The question arises from the following facts.

Donaldson filed an action in the United States District Court for the District of Columbia against Stamates seeking damages for personal injuries. The complaint contained two counts. Both counts alleged that Stamates had committed an assault and battery upon one Russo and that the latter in defending himself struck and injured Donaldson with a knife. The only material difference between the two counts was that the second alleged that Donaldson's injury occurred through "the negligence and carelessness" of Stamates.

Presumably the insurance company was notified of the suit and denied liability under its policy and refused to accept responsibility for defending the action, because Stamates, through his own attorney, brought the insurance company in as a third-party defendant claiming he was entitled to recover from it any amount awarded against him together with counsel fees for defending the action. The insurance company moved for summary judgment in its favor on the third-party complaint on the ground that the action against Stamates was one for assault and battery and was not within the coverage of the policy. The District Court granted this motion and no appeal was taken from its action. About a year later the case was pre-tried before another judge of the District Court. Six months later a third District Court judge ordered the case certified to the Municipal Court on the ground that it appeared to his satisfaction that the action would not justify a judgment in excess of $3,000.[1] A Municipal Court jury, however, was satisfied that Donaldson was entitled to recover

$5,000 and gave a verdict in that amount. The Municipal Court judge who presided at the trial also appears to have been satisfied that $5,000 was not an excessive award, because the verdict was allowed to stand and judgment entered on it. No appeal was taken from that judgment.

Donaldson sought to satisfy his judgment by garnisheeing the insurance company. The company admitted that its policy issued to Stamates was in force and effect at the time of the incident, but denied liability because of the exclusionary clause against coverage for assault and battery. Donaldson filed a traverse, and at the hearing thereon he testified the judgment had not been paid, and introduced in evidence the records of both the District and Municipal Courts together with the insurance policy, and then rested. The insurance company offered no evidence. The trial court took the case under advisement and thereafter filed a written memorandum holding that under its policy the insurance company was not liable for payment of the judgment. Donaldson then brought this appeal.

As before stated the complaint was in two counts, but at trial when Donaldson rested his case, Stamates moved to dismiss count one and this motion was granted. The case proceeded on count two—the count which alleged that Donaldson's injuries were due to the negligence and carelessness of Stamates—and it was on this count that the verdict and judgment were rendered.

■ We first dispose of one point concerning the conclusiveness of the summary judgment in the District Court. We hold that the summary judgment of the District Court in favor of the insurance company on Stamates' third-party complaint was in no way binding on Donaldson. Donaldson did not and could not bring the insurance company into the case; and Donaldson did not and could not oppose the motion for summary judgment in the third-party proceedings. Consequently that judgment did not

1. Code 1951, 11–756(a) (Supp. VIII).

establish, as far as Donaldson's rights are concerned, non-liability on the part of the insurance company to pay any judgment Donaldson might eventually recover.

■ At the hearing on the garnishment it was incumbent on Donaldson to prove that the insurance company was liable for payment of the judgment. Donaldson argues that he carried his burden by proof of the judgment "based on the verdict of the jury that the plaintiff's injuries were caused by the negligence of the defendant Stamates," proof that the judgment had not been paid, proof of the existence of the policy, and introduction of the entire file in the case. He argues that since the insurance company offered no evidence he successfully established the company's liability to pay the judgment.

■ The policy provided coverage for all sums insured should become obligated to pay because of bodily injuries sustained by any person, caused by accident, and provided that assault and battery should be deemed an accident "unless committed by or at the direction of the insured."

Apparently Donaldson concedes that the exclusionary clause would release the company from liability if his injuries resulted from an assault and battery by Stamates, but he insists that because the so-called assault and battery count was dismissed and the verdict was returned on the so-called negligence count, that such verdict conclusively established that his injuries resulted from Stamates' negligence and not from an assault and battery committed by him.

This argument overlooks the fact that the second count specifically alleged that Stamates committed an assault and battery on Russo and that Russo in defending himself struck Donaldson. Indeed, Donaldson in his pre-trial memorandum filed in the District Court made this statement:

> "The complaint is in two counts, one alleging a willful and malicious action of assault and battery and claiming compensatory as well as punitive damages. The second count, *based on the same allegations of fact,* alleged that the injuries sustained by the plaintiff resulted from the negligence of the defendant, Carl W. Stamates." (Emphasis added)

Donaldson could not by the addition of the words "negligence and carelessness" to the second count change the basic fact that the only charge against Stamates was that he committed an assault and battery. We do not have, and neither did the trial court have at the garnishment hearing, a transcript of the testimony at trial, but we must assume that such testimony supported the factual allegations of count two, namely, an assault and battery by Stamates. The trial court did have before it a pre-trial deposition of Stamates and a statement given by Stamates to the insurance company. Both of these documents made plain beyond any question that the actions of Stamates giving rise to this litigation were willful and intentional.

Our conclusion is that the policy coverage did not include liability for bodily injuries caused by the willful and intentional act of the insured, and the trial court properly quashed the attachment.[2]

Affirmed.

Chief Judge ROVER sat during the argument of this case but died before it was decided.

2. Cf., Farm Bureau Mut. Automobile Ins. Co. v. Hammer, 4 Cir., 177 F.2d 793, certiorari denied sub nom. Beverage v. Farm Bureau Mut. Automobile Ins. Co., 339 U.S. 914, 70 S.Ct. 575, 94 L.Ed. 1339.