NATIONAL UNION FIRE INSURANCE
COMPANY et al., Appellant,

v.

Joe BOURN, Jr., Appellee.

No. 17016.

Court of Civil Appeals of Texas.

Fort Worth.

April 25, 1969.

Rehearing Denied June 6, 1969.

Fanning & Harper, and Harlan Harper, Jr., Dallas, for appellant, National Union Fire Ins. Co.

Strasburger, Price, Kelton, Martin & Unis, and Royal H. Brin, Jr., Dallas, for appellant, Select Ins. Co.

Carter, Gallagher, Jones & Magee, and Ben Warder, Jr., Dallas, for appellee.

OPINION

RENFRO, Justice.

This is an appeal by National Union Fire Insurance Company and Select Insurance Company from a joint and several judgment rendered against them in favor of Joe Bourn, Jr., in Cause o. 67–625, in the District Court of Denton County.

It is necessary to set out in some detail the background of events leading up to the instant suit.

On January 3, 1966, Bourn filed suit No. 66–3 in the District Court of Denton County against Trenton Torregrossa, Robert Harold Glenn, Ernie Bovio and Byron McClellan, Jr.

The petition alleged: at about 1:30 A. M., October 5, 1965, while Bourn was standing outside his apartment at North Texas State University, the four named defendants approached him, and in combination and with the aid of each other at-

tacked plaintiff, inflicting physical injuries upon him; at the time and on the occasion in question, each of the four defendants acting in concert with one another and with the aid and assistance of one another committed an assault and battery upon plaintiff.

In the alternative, plaintiff plead that the four defendants and each of them were guilty of negligence which proximately resulted in damages and injuries to plaintiff (A) in failing to restrain each other from attacking plaintiff, and (B) in failing to restrain themselves from attacking plaintiff.

The defendant Glenn filed an admission of liability and agreed that judgment be entered against him in whatever amount the court or jury determined the plaintiff should receive.

Plaintiff's case against the other three defendants was tried with a jury.

The jury found: (1) Byron McClellan, Jr., committed an assault and battery upon plaintiff; (2) McClellan acted in concert with another or others who committed an assault and battery upon plaintiff; (3) the failure of McClellan to restrain another or others from committing an assault and battery upon plaintiff was negligence; and (4) such negligence was a proximate cause of the occurrence.

Identical findings were made by the jury in regard to Bovio in answer to issues Nos. 5–8, and as to Torregrossa in answer to issues 9–12.

In answer to the damage issue, No. 13, plaintiff was awarded $5,500.00.

"Assault and Battery" was properly defined in the jury's charge, as was the term "Acting in Concert", wherein the jury was instructed that "Action in Concert", as used in the charge, "is meant one person knowingly joining with another or others in an enterprise that he should foresee will result in any harm to a third person or property, whether such harm results by his own conduct or that of the other person or persons with whom he joins."

Joint and several judgment was entered against the four defendants in the above amount.

There was an abundance of evidence to support all the answers to the issues on "Assault and Battery" and "Acting in Concert."

Briefly, the four defendants, all students at North Texas State University and members or pledges of the same fraternity, left Denton during the afternoon of October 4 in Torregrossa's car. They spent several hours in Oklahoma drinking beer, eating and playing shuffleboard, and returned to Denton near midnight. They then got in McClellan's car, McClellan driving, and went to Bovio's apartment and drank more beer. All got in the car with McClellan and started out to "see or hit a fellow" or "fellows." They went to a room in College Inn occupied by a student named Portman about 1:30 A.M. of October 5. Portman was awakened by a loud noise, yelling and beating on the door. Before he could reach the door, Glenn and Bovio "burst" through the door. Portman was hit twice, the second blow rendering him unconscious. Glenn and Bovio threw a beer mug and a coca cola bottle against the wall of the room shattering them into fragments. Portman's left eye was so badly damaged that it had to be removed. McClellan was in the group that burst into Portman's room.

All the defendants went back to McClellan's car, and drove to University City Apartments. They accosted plaintiff, a student at N. T. S. U., just outside his apartment, and asked him the location of apartment 221. As he was politely pointing out the location to them, McClellan hit him, then all four defendants hit him, kicked him, knocked him into a brick wall, and then pushed him through a window. His left arm was cut. Defendants ran out of the building. Although the defendants initially started out to see or hit a "fellow"

or two, they did not know either Portman or the plaintiff and neither Portman nor plaintiff knew them.

The assault on plaintiff was a wholly inexcusable, unprovoked and brutal beating of a total stranger.

The defendants did not appeal from the judgment.

Although the judgment was entered on April 6, 1967, none of defendants, so far as the record shows, have paid one thin dime to plaintiff.

On August 25, 1967, Joe Bourn, Jr., filed suit No. 67–625 in the Denton County District Court against Select Insurance Company, and on November 24, 1967, filed his First Amended Original Petition in which National Union Fire Insurance Company was included as a defendant.

For brevity, the insurance companies will be called "National" and "Select."

The petition set out the judgment in Cause No. 66–3, plead that said judgment was final, execution had been levied against each of the defendants and said judgment had not been satisfied to any extent. Judgment was sought against National and Select by reason of certain hereinafter described insurance policies.

It was stipulated:

Select issued a policy to the parents of Byron McClellan, Jr.; National issued a policy to E. L. Giusti and wife; Byron McClellan, Jr., was a resident of the McClellan household under the terms of the Select policy; Ernest Bovio was a resident of the household of the Giustis under the terms of the National policy; Select and National handled the defense of McClellan and Bovio, respectively, in Cause No. 66–3 through all stages up to giving notice of appeal (which was not perfected); Select furnished a defense to McClellan, Jr., only after obtaining a non-waiver agreement; National defended Bovio, acting under a non-waiver letter and reservation of rights.

It was also stipulated that McClellan, Jr., and Bovio *participated in the inflicting of intentional injuries upon Joe Bourn, Jr.*

The parties agreed, except for defenses plead by National of notice violation and failure of insured to cooperate, the question for the court to determine was whether the policies provided coverage for liabilities of McClellan, Jr., and Bovio in the light of the policy exclusions as to bodily injury caused intentionally by or at the direction of the insured.

Joint and several judgment was rendered against Select and National in the sum of $5,500.00.

Both Companies appealed.

We first consider National's second point of error, which claims error of the trial court "In rendering judgment against appellant (National) when the evidence clearly showed that the insured violated the insurance policy condition requiring written notice to the insurer as soon as practicable."

The injury to Bourn, Jr., occurred on October 5, 1965. Oral notice was given the recording agent, who had issued the policy to the parents of Bovio (Mrs. Giusti was Ernie Bovio's mother) on November 16. On November 18, written notice was given to the same agent.

Under "Basic Conditions," it is provided: Requirements in case of loss or occurrence: "When either a loss or occurrence takes place, written notice shall be given by or on behalf of the insured to the Company or any of its authorized agents as soon as practicable."

The policy also provides that "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with * * *."

National pleaded violation of the written notice provision and introduced evidence in support of that policy defense.

No excuse for delay in giving written notice was plead or offered in evidence by Bovio.

■ Notice given 44 days after the occurrence giving rise to the claim is, as a matter of law, failure to give written notice "as soon as practicable" where the delay is totally unexplained and without excuse.

Since no evidence was offered to excuse the delay, the court erred in rendering judgment against National.

Supporting our position on inexcused delay, see, among others, Allstate Insurance Co. v. Darter, 361 S.W.2d 254 (Tex.Civ. App., 1962, no writ hist.); Allen v. Western Alliance Ins. Co., 162 Tex. 572, 349 S. W.2d 590 (1961); Klein v. Century Lloyds, 154 Tex. 160, 275 S.W.2d 95 (1955); Dunn v. Travelers Indemnity Co., 123 F.2d 710 (5th Cir., 1941); State Farm Mutual Automobile Ins. Co. v. Hinojosa, 346 S.W.2d 914 (Tex.Civ.App., 1961, ref. n. r. e.); Houck v. State Farm Mutual Automobile Ins. Co., 394 S.W.2d 222 (Tex. Civ.App., 1965, ref., n. r. e.); Aetna Ins. Co. v. Durbin, 417 S.W.2d 485 (Tex.Civ. App., 1967, no writ hist.); White v. Transit Casualty Co., 402 S.W.2d 212 (Tex.Civ. App., 1966, ref., n. r. e.); National Surety Corp. v. Diggs, 272 S.W.2d 604 (Tex.Civ. App., 1954, ref. n. r. e.); Lane v. Anchor Casualty Co., 355 S.W.2d 90 (Tex.Civ. App., 1962, no writ hist.).

The above cases make clear that an inexcused delay or delay because of a flimsy excuse entitles the insurance company to judment as a matter of law since delays of that type violate the "soon as practicable" provision of the policy and notice is deemed as not having been given within a reasonable time.

It is true reasonable time depends on the facts and circumstances of each particular case. Allstate Insurance Co. v. Darter supra; Bachman v. Independence Indemnity Co., 112 Cal.App. 465, 298 P. 57 (1931).

But where, as in this case, no excuse whatever is given for delay, the matter becomes a question of law.

National's point No. 2 is sustained.

Select's one point of error is: "The court below erred in rendering judgment against Appellant (Select) because policy coverage was excluded as to' intentional bodily injury."

National's point of error No. 1 is the same as Select's point of error.

Plaintiff takes the position that the judgment against McClellan and Bovio in the prior suit is conclusive as to the negligence finding in such suit and cannot be attacked by the Insurance Companies in the instant suit.

He relies strongly upon Massachusetts Bonding and Ins. Co. v. Orkin Exterminating Co., Tex., 416 S.W.2d 396, and Green v. American General Insurance Company, Tex.Civ.App., 354 S.W.2d 616.

We think neither is controlling or directly in point. Exclusions were not involved in either case. The two cases support the general rule that a judgment is conclusive against an insurer who has defended or had the opportunity to defend.

In suit No. 66–3 the first two issues submitted as to each defendant and the answers thereto fixed each defendant's liability to plaintiff and entitled him to judgment. The ensuing negligence findings were not essential to support the judgment. The insurers, had they appealed from the negligence findings, would have been acting adversely to their insureds' interest. If the negligence issues had been set aside in an appellate review the original defendants would have been "stuck" with conviction of offenses clearly excluded from coverage. Under the circumstances we think the insurers are not bound by the negli-

gence findings in Cause No. 66–3. Support for our conclusion is found in American Surety Co. of New York v. Coblentz, 381 F.2d 185 (5th Cir., 1967); American Fire and Cas. Co. v. Blaine, 183 So.2d 605 (Fla.App., 3rd Dist., 1966); Farm Bureau Mut. Automobile Ins. Co. v. Hammer, 177 F.2d 793 (4th Cir., 1949).

Both policies were Texas Standard Homeowners policies. Both policies, under Liability Section, Coverage D, Personal Liability, agreed "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, * * *" and both provide by express Exclusion that coverage under "D" shall not apply "to bodily injury or property damage caused intentionally by or at the direction of the Insured."

■ The exclusion of coverage for personal injury intentionally caused by or at the direction of the insured is valid. Travelers Ins. Co. v. Reed Co., 135 S.W.2d 611 (Tex.Civ.App., 1939, dism. judgm. cor.); Richardson v. The Fair, Inc., 124 S.W.2d 885 (Tex.Civ.App., 1939, dism. judgm. cor.); National Life and Accident Ins. Co. v. Knapp, 430 S.W.2d 84 (Tex. Civ.App., 1968, ref., n. r. e.).

Plaintiff's main pleaded cause of action against the original four defendants was for damages because the four with the aid of each other, acting in concert, committed an assault and battery upon him.

Only in the alternative did he plead that defendants were negligent in failing to restrain themselves and each other from attacking him.

■ Besides the stipulations previously noted, the parties stipulated that the evidence presented in a criminal case against McClellan be used in the instant case. (For some reason a transcript of the evidence in Cause No. 66–3 was unavailable.) From the evidence we have set out, and from the whole evidence record before us, it is clear that the four defendants deliber-

ately, and in concert with each other, intentionally committed an assault and battery upon plaintiff.

In Donaldson v. Home Indemnity Co., 165 A.2d 492 (Mun.Ct.App., D.C., 1960), the Court concluded "the policy coverage did not include liability for bodily injuries caused by the willful and intentional act of the insured." See also Williams v. Pressman, 113 N.E.2d 395 (Ohio App., 1953); Kraus v. Allstate Insurance Co., 258 F. Supp. 407, affirmed 379 F.2d 443 (3rd Cir., 1967).

The negligence issues should not have been submitted. The whole record proves a concerted, intentional attack upon plaintiff. The plaintiff was the victim of intentional violence. If there was any negligence on the part of the four defendants it was merely incidental to their conduct in carrying out their plan to intentionally commit an assault upon plaintiff. The conduct of McClellan and Bovio was clearly *not* covered by the policies. The policy provision clearly and effectively excluded coverage for such intentional acts of the insured. Gilliland v. Employers Liability Assurance Corp., 417 S.W.2d 921 (Tex. Civ.App., 1967, ref., n. r. e.); Travelers Insurance Co. v. Reed Co., 135 S.W.2d 611 (Tex.Civ.App., 1939, dism. judgm. cor.); Wigginton v. Lumbermens Mutual Cas. Co., 169 So.2d 170 (La.App. 1st Cir., 1964).

Select's point of error and National's point No. 1 are sustained.

■ National, in a third point, contends the court erred in rendering judgment against it because the evidence shows that Bovio violated the policy condition requiring cooperation with the insurer in the conduct of Cause No. 66–3. Under the record in this case, reversible error is not shown by reason of Bovio's failure to cooperate. Point three is therefore overruled.

The judgment in favor of Joe Bourn, Jr., against Select Insurance Company and

National Union Fire Insurance Company is reversed and judgment is hereby rendered for Select Insurance Company and National Union Fire Insurance Company.

Reversed and rendered.