Timothy James **CARLSON**, Plaintiff,

v.

**TRANS UNION, LLC, Experian Information Solutions, Inc., CSC Credit Services, Inc., Equifax Information Services, LLC, Verizon Wireless, and Risk Management Alternatives, Inc.** Defendants.

No. Civ. 3:02–CV–2654–H.

United States District Court,
N.D. Texas,
Dallas Division.

April 17, 2003.

Van Harold Beckwith, Baker Botts, Dallas, TX, Dean D Hunt, Bracewell & Patterson, Houston, TX, for Defendant.

David A Szwak, Bodenheimer Jones Szwak & Winchell, Shreveport, LA, for Plaintiff.

### *MEMORANDUM OPINION AND ORDER*

SANDERS, Senior District Judge.

Before the Court are Defendant CSC's Partial Motion to Dismiss under Rule 12(b)(6), filed February 18, 2003, Plaintiff's Response, filed February 27, 2003, and CSC's Reply, filed March 19, 2003.

### I. Background

Plaintiff brings this lawsuit against Defendants based upon false credit reports and illegal collection activities. Plaintiff alleges that Defendant CSC Credit Services Inc., ("CSC") reported inaccurate information on Plaintiff's credit report and unreasonably failed to correct that information after notification that Plaintiff had a dispute regarding its correctness. Plaintiff was routinely denied credit and mortgages on the basis of his inaccurate credit report as provided by the Defendant credit reporting agencies (of which CSC is one) over the period of time between May 2001 and October 2002 despite continued efforts on his part to have the credit report corrected.

Plaintiff brought this claim against the Defendants December 12, 2002. *See* Compl. Plaintiff alleges that CSC is a "consumer reporting agency" as defined in the Fair Credit Reporting Act ("FCRA"). Plaintiff brings suit because CSC reported inaccurate information on Plaintiff's credit report and failed to correct inaccurate information after investigation. Plaintiff sues Defendant CSC for negligence, defamation, violation of § 1681e(b) of the FCRA, violation of § 1681i(5)(B)(ii) and (iii), violation of 1681i(5)(C), and violation of 1681i(a).

Defendant CSC brings this Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). Defendant CSC asserts that Plaintiff's state law claim for negligence is preempted by § 1681h(e) of the FCRA. Plaintiff argues that 1681h(e) does not apply in this case.

### II. Analysis

Defendant CSC argues that § 1681h(e) provides qualified immunity for credit reporting agencies. That immunity requires that a Plaintiff show "malice or willful intent to injure" before the Plaintiff can recover for tort claims under state law.[1] Plaintiff argues that § 1681h(e) does not apply in this case. Plaintiff asserts that § 1681h(e) applies only when claims arise from communications between the defendant and the consumer. As Plaintiff's negligence claims are related to communications between the defendant and third-party users of the credit reports, Plaintiff argues § 1681 does not apply here. The Court disagrees. By its language, § 1681h(e) has a broader application than that proposed by the Plaintiff.[2] Section 1681h(e) is applicable.

---

1. See the Court's Memorandum Opinion and Order of April 16, 2003 on Defendant Verizon's Motion to Dismiss for more discussion on this matter.

2. Were the Court to apply § 1681h(e) as the Plaintiff wishes, it would produce a number of puzzling results. For example, to prove defamation under Texas law Plaintiff must

Applying § 1681h(e) to this negligence claim would require Plaintiff to show that Defendant CSC acted negligently and with "malice or willful intent to injure." 15 U.S.C. § 1681h(e) (2003). This results in a requirement that Plaintiff prove intentional or malicious negligence. This level of negligence is inherently contradictory in that negligence does not include an element of intent. In fact, "intentional negligence" is an oxymoron. There is no cause of action under Texas law for negligence where the offending action was taken with intent to injure. *See Michels v. Crouch,* 122 S.W.2d 211, 213–14 (Tex.Civ.App.-Eastland 1938, no writ.) As Plaintiff has failed to state a claim upon which relief may be granted, Defendant CSC's Motion to Dismiss Plaintiff's state law claim for negligence is **GRANTED.**

### III. Conclusion

Defendant CSC's Partial Motion to Dismiss Plaintiff's state law claim for negligence is **GRANTED** and such claim is **DISMISSED.**

SO ORDERED.

show that the defamatory statement was published to someone other than the Plaintiff. Third party notification is required. *See, e.g., McCartney v. May,* 50 S.W.3d 599, 610–11 (Tex.App.-Amarillo 2001, no pet.). But, under Plaintiff's analysis of § 1681h(e) if a third-party were notified then § 1681h(e) would not apply. In short, Congress would have written a statute that never applied to defamation, while explicitly listing defamation as one of the causes of action to which the statute might be applied. This Court cannot so interpret this statute.