

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-08-414-CV

CARL GAVREL                                                      APPELLANT

V.

MARK LIEBERMAN AND                                              APPELLEES
GEORGE ONZO

------------

## FROM THE 141ST DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

Appellant Carl Gavrel sued Appellees Mark Lieberman and George Onzo,

as well as Lauren Young, John Doe, Kathleen Lieberman, and Spanish Gardens

Condominium Association (SGCA), for injuries he sustained during a SGCA

---

[1] *See* Tex. R. App. P. 47.4.

meeting conducted at the Fort Worth Public Library.[2]  The trial court granted

summary judgments for Mark and Kathleen Lieberman and for SGCA.  Gavrel's

suit against Onzo was tried to a jury.  The jury returned a verdict for Gavrel,

finding Onzo negligent and awarding Gavrel $288,800 in damages.  The trial

court granted Onzo's motion for judgment notwithstanding the verdict (JNOV),

and Gavrel perfected this appeal.  In two issues, Gavrel complains that the trial

court erred by granting Onzo's motion for JNOV, by granting summary

judgment for Mark Lieberman, and by not granting Gavrel's motion for new trial.

For the reasons set forth below, we will affirm the trial court's judgment.

## II.  Factual Background

Gavrel brought documents with him to the July 2005 condominium

association meeting.  Lauren Young snatched the documents from Gavrel and

delivered them to Mark Lieberman, who was presiding over the meeting.  As

Gavrel retrieved his documents, Lieberman pushed Gavrel from behind, and

Onzo charged Gavrel, picked him up, slammed him to the ground, and sat upon

him.  As Onzo sat on top of Gavrel, Gavrel felt his back snap.  Gavrel was

injured and lay still on the ground.  A video recorder set to tape the meeting

---

[2] Lauren Young and John Doe were never served with citation, and SGCA and Lieberman were dismissed from this appeal.  Consequently, they are not parties to this appeal.

captured the escapade.[3]  Gavrel was taken by ambulance to John Peter Smith

Hospital (JPS).  He suffered back and neck pain and, ultimately, underwent

back surgery.[4]

### III.  Judgment Notwithstanding the Verdict

In his first issue, Gavrel argues that the trial court erred by granting

Onzo's motion for JNOV on the jury's finding that Onzo's negligence

proximately caused Gavrel's fall.

---

[3] The videotape was forwarded to this court, and we have reviewed it.

[4] Onzo contended at trial that the back surgery was not necessitated by the events forming the basis of Gavrel's suit, but by a pre-existing condition. Onzo introduced into evidence a September 17, 2004 narrative letter by a JPS doctor opining that Gavrel was fully disabled and that

> Mr. Gavrel has a medical history significant for a traumatic spinal cord injury which was obtained in 2001 when he was hit by a drunk driver.  As a result he had a surgical procedure to have a fusion of his lumbar spine with metal hardware inserted.  In addition he has numerous complications as a result of this spinal cord injury.  He had attended physical therapy in an effort to rehabilitate his lower extremities, however is unable to continue due to chronic severe muscle spasms and sensory deficits due to his spinal cord injury. In addition Mr. Gavrel has episodes of falling due to gait disturbances caused by the muscle spasms which cause his feet to invert and become unstable.  He has recently had a fall which caused one of the metal screws in the spine to break and already has compression fractures with loose bone fragments in his spine (these findings are confirmed on x-rays and MRI).

3

### A. Standard of Review

A trial court may disregard a jury's verdict and render a JNOV if no evidence supports the jury's findings, or if a directed verdict would have been proper. *Tiller v. McLure*, 121 S.W.3d 709, 713 (Tex. 2003). To determine whether a JNOV is appropriate, we apply the standards that govern a legal sufficiency challenge. *See* Tex. R. Civ. P. 301; *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005); *Wal-Mart Stores, Inc. v. Miller*, 102 S.W.3d 706, 709 (Tex. 2003).

A legal sufficiency point must be sustained (1) when there is a complete absence of a vital fact; (2) when rules of law or evidence preclude according weight to the only evidence offered to prove a vital fact; (3) when the evidence offered to prove a vital fact is no more than a scintilla; or (4) when the evidence conclusively establishes the opposite of the vital fact. *City of Keller*, 168 S.W.3d at 810. Under the legal sufficiency standard, we must credit evidence that supports the judgment if reasonable jurors could, and we must disregard contrary evidence unless reasonable jurors could not. *See id.* at 827. If the evidence falls within the zone of reasonable disagreement, we may not invade the fact-finding role of the jurors, who alone determine the credibility of the witnesses, the weight to give their testimony, and whether to accept or reject all or any part of that testimony. *See id.* at 822. Unless "there is no favorable

4

evidence" to support the challenged finding or "if contrary evidence renders supporting evidence incompetent . . . or conclusively establishes the opposite" of the finding, we must affirm. *See id.* at 810–11.

## B. Onzo's Motion for JNOV

Over Onzo's objection that no evidence existed supporting a negligence question (because the evidence established that his conduct was intentional), the court's charge asked the jury in question number one whether "the negligence, if any, of George Onzo proximately caused the occurrence in question?" The jury answered, "Yes." Onzo moved for JNOV on the jury's answer to question number one on two grounds. First, Onzo argued that he intentionally and purposefully pushed Gavrel; he argued that the evidence conclusively established that he "ran like a mad dog straight at" Gavrel and that his conduct was not an accident, it was with intent. Second, Onzo asserted that no evidence existed that his conduct was a proximate cause of any damages to Gavrel. Onzo argues on appeal that the trial court correctly granted JNOV because the evidence conclusively established that he acted "intentionally," and no evidence exists supporting the jury's finding that he was merely negligent.

5

## C. JNOV Proper on Negligence Issue

The fundamental difference between a claim for negligence and an intentional tort is not whether the defendant intended the action, but whether he intended the resulting injury. *Reed Tool Co. v. Copelin*, 689 S.W.2d 404, 406 (Tex. 1985). Intent generally means that the actor desires to cause the consequences of his act or that he believes the consequences are substantially certain to result from his act. *Id.* A plaintiff may not recover for an intentional tort by proving only negligence. *See, e.g.*, *Doe v. Mobile Video Tapes, Inc.*, 43 S.W.3d 40, 54 (Tex. App.—Corpus Christi 2001, no pet.) (refusing to recognize negligent invasion of privacy action); *Childers v. A.S.*, 909 S.W.2d 282, 291 (Tex. App.—Fort Worth 1995, no writ). Likewise, a plaintiff may not recover in negligence when he proves only an intentional tort. *See, e.g.*, *Fulmer v. Rider*, 635 S.W.2d 875, 881 (Tex. Civ. App.—Tyler 1982, writ ref'd n.r.e.); *Nat'l Union Fire Ins. Co. v. Bourn*, 441 S.W.2d 592, 595 (Tex. Civ. App.—Fort Worth 1969, writ ref'd n.r.e.); *accord Carlson v. Trans Union, LLC*, 261 F. Supp. 2d 663, 665 (N.D. Tex. 2003). That is, a plaintiff may not recast an intentional tort as mere negligence. *Bourn*, 441 S.W.2d at 596 (recognizing plaintiff could not recast intentional tort of assault and battery as negligence to bring claim within coverage of homeowner's policy); *see also Fulmer*, 635 S.W.2d at 882 ("There is, properly speaking, no such thing as a negligent

6

assault.") (citing Prosser, *The Law of Torts*, ch. 2, sec. 10 at 40–41 (4th ed. 1971)). An assault is an intentional tort; it occurs when a person intentionally, knowingly, or recklessly causes bodily injury to another. *See* Tex. Penal Code Ann. § 22.01 (Vernon Supp. 2009); *Hogenson v. Williams*, 542 S.W.2d 456, 458 (Tex. Civ. App.—Texarkana 1976, no writ) (explaining the definition of an assault is the same whether it is the subject of a criminal prosecution or a civil suit for damages and applying the penal code definition of assault).

Onzo did not testify at trial. But Gavrel testified that Onzo had charged him like a mad dog, had picked him up and had thrown him to the ground, and had hit and kicked him as he lay on the ground. Gavrel testified that Onzo's conduct was "on purpose." Gavrel testified, "Well, when you hit somebody and knock them down and start hitting them, yeah, that's an intentional act to me." Several eyewitness testified that they had seen Onzo punching and kicking Gavrel as he lay on the ground.

We have carefully reviewed the evidence, and no evidence exists that Onzo was merely negligent. *See City of Keller*, 168 S.W.3d at 823. No evidence exists that Onzo did not intend the consequences of his conduct in slamming Gavrel to the floor, punching Gavrel, and kicking Gavrel. *See Reed Tool Co.*, 689 S.W.2d at 406. In fact, as reflected in the record, the nature of the act of fighting, slamming someone to the ground, and punching or kicking

7

him is performed with an intent to cause injuries; people engage in fights for the express purpose of causing injury to their opponents. Additionally, the evidence presented at trial conclusively established that Onzo had committed the intentional tort of assault on Gavrel. *See* Tex. Penal Code Ann. § 22.01; *Hogenson,* 542 S.W.2d at 458; *see also, e.g.*, *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001) (holding, in context of Tort Claims Act exclusion set forth in section 101.057, that plaintiff's claim that officer was merely negligent in ignoring police procedure did not obviate fact that officer's conduct was intentional; officer hit car window, aimed gun, blocked in car with police cruiser, and fired at car's tires); *Medrano v. City of Pearsall*, 989 S.W.2d 141, 144 (Tex. App.—San Antonio 1999, no pet.) (holding officer's beating of handcuffed driver was intentional tort). Thus, because there is a complete absence of evidence that Onzo acted negligently and because the evidence at trial, including the videotape of the event, conclusively establishes that Onzo acted intentionally, the trial court properly granted JNOV for Onzo on the jury's negligence finding. *See City of Keller*, 168 S.W.3d at 827; *see also* Tex. R. Civ. P. 301; *Wal-Mart Stores, Inc.*, 102 S.W.3d at 709.

We overrule Gavrel's first issue.

8

## IV. No-Evidence Summary Judgment

In his second issue, Gavrel claims that the trial court erred by granting no-evidence summary judgment Mark Lieberman.[5]

## A. Standard of Review

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The motion must specifically state the elements for which there is no evidence. *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. *See* Tex. R. Civ. P. 166a(i) & cmt.; *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008).

When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199

---

[5] In his second issue, Gavrel also challenges the no-evidence summary judgment granted for SGCA. Gavrel and SGCA subsequently filed a joint motion to dismiss this appeal as to SGCA, and this court granted it. Consequently, the no-evidence summary judgment for SGCA is final, and we do not address any challenges to it. *See* Tex. R. App. P. 42.1(a)(2), 43.2(f); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192 (Tex. 2001).

S.W.3d 291, 292 (Tex. 2006). We review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton*, 249 S.W.3d at 426 (citing *City of Keller*, 168 S.W.3d at 822). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not. *Timpte Indus., Inc.*, 286 S.W.3d at 310 (quoting *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)). If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009).

### B. No-Evidence Summary Judgment for Lieberman Proper

Lieberman sought a no-evidence summary judgment on the grounds that there was no evidence that Leiberman caused Gavrel to lose his balance and fall, no evidence that Lieberman caused Gavrel to suffer personal injuries, no evidence that Lieberman was negligent, and no evidence that Gavrel suffered damages. Gavrel filed a response to Lieberman's no-evidence summary judgment and attached excerpts from his own deposition as summary judgment evidence. Gavrel's deposition excerpts indicate that he took his papers from Mark Lieberman, and as he was walking away,

10

> Mark Lieberman pushed me from behind. And out of the corner of my eye, I saw George Onzo jump up from the table like a mad dog and run straight at me, hit me, picked me up in the air, slammed me down on the ground. And when he slammed me down on the ground, my right leg went numb. He started beating on me and beating on me . . . [Onzo's nephew] came [running up and] he jumped up in the air and . . . came down on my neck with his knee. Then they commenced to keep kicking me and kicking me like a pack of wild animals.

Gavrel also testified that Lieberman had "poked him" with a cane as he lay on the ground.

Taking Gavrel's summary judgment evidence as true, Gavrel has nonetheless failed to come forward with any evidence that any of the injuries he suffered were attributable to Mark Lieberman's push, instead of attributable to the beating he received from Onzo and Onzo's nephew. On appeal, Gavrel claims that as a result of Lieberman's push, he experiences post-traumatic stress syndrome, but Gavrel failed to offer medical causation testimony on this issue. *See In re R.O.C.*, 131 S.W.3d 129, 134, 138 (Tex. App.—San Antonio 2004, no pet.); *see also Leitch v. Hornsby*, 935 S.W.2d 114, 118–19 (Tex. 1996) (requiring plaintiff to plead and prove that defendant's negligence was proximate cause of injury); *Smith v. Sw. Bell Tel. Co.*, 101 S.W.3d 698, 702 (Tex. App.—Fort Worth 2003, no pet.) (stating that causation cannot be established by mere speculation). Because Gavrel failed to come forward with evidence that Lieberman's push proximately caused any of the damages he

11

claims as a result of the incident, the trial court did not err by granting a no-evidence summary judgment for Lieberman.

We overrule Gavrel's second issue.

## V. Conclusion

Having overruled Gavrel's first and second issues, we affirm the trial court's no-evidence summary judgment for Mark Lieberman and the trial court's JNOV on the jury's negligence finding against George Onzo. We thus affirm the trial court's judgment in all respects.

SUE WALKER
JUSTICE

PANEL: LIVINGSTON and WALKER, JJ.

DELIVERED: April 1, 2010